**Karamjit Singh GREWAL, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–74455.**
**Agency No. A76–378–504.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2004.*

Decided Feb. 26, 2004.

Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Emily A. Radford, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before FERNANDEZ, W. FLETCHER and TALLMAN, Circuit Judges.

MEMORANDUM**

Karamjit Singh Grewal, a native and citizen of India, petitions for review of the Board of Immigration Appeals' dismissal of his appeal of the Immigration Judge's ("IJ") order denying his applications for asylum, withholding of removal and cancellation of removal. We have jurisdiction

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence, *Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we dismiss the petition in part and deny the petition in part.

This court lacks jurisdiction to review the discretionary determination that Grewal did not qualify for cancellation of removal because he failed to demonstrate "exceptional and extremely unusual hardship." *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 890–91 (9th Cir.2003).

Substantial evidence supports the IJ's adverse credibility finding because the IJ stated specific, cogent reasons for disbelieving Grewal's claim of past persecution, including Grewal's failure to observe the tenets of the Sikh faith, inconsistencies in his testimony regarding his membership in the Akali Dal Party, and his ability to travel to and from India three times without incident since entering the United States. *See Malhi,* 336 F.3d at 993. The record does not compel the conclusion that Grewal's testimony was credible. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998). Accordingly, Grewal failed to establish eligibility for asylum or withholding of removal. *See id.*

**PETITION FOR REVIEW DISMISSED in part; DENIED, in part.**

---

* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.